UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY JO FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01601-JRS-DML |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Kimberly Fields filed this petition for a writ of habeas corpus challenging her 2017 Indiana state court convictions for fraud, operating a vehicle with a controlled substance in the body, and theft. The respondent has moved to dismiss the petition, arguing that Ms. Fields has failed to exhaust her state court remedies. Indeed, Ms. Fields has failed to exhaust, so the motion to dismiss, dkt. [5], is **GRANTED**, and this action is **DISMISSED**.

**I. Background and Procedural History**

On October 8, 2015, Ms. Fields was charged with fraud, theft, and possession of a controlled substance in cause number 03D01-1510-F6-5066. Dkt. 5-1 at 1–2. On February 9, 2016, Ms. Fields was charged with operating a vehicle while intoxicated, operating a vehicle with a schedule I or II controlled substance in the body, and theft in cause number 03D01-1602-F6-881. Dkt. 5-2 at 1–2. Ms. Fields reached a plea agreement covering both cases, and on December 4, 2017, she pleaded guilty to fraud, operating a vehicle with a controlled substance in the body, and theft. Dkt. 5-3. On January 4, 2018, the trial court sentenced Ms. Fields to two and a half years executed pursuant to the terms of the plea agreement. Dkts. 5-3, 5-4.

After filing an unsuccessful motion to correct error, Ms. Fields initiated an appeal to the Indiana Court of Appeals. Dkts. 5-1 at 11; 5-2 at 9–10; 5-5; 5-6 at 1–2. Because she failed to file a timely appeal, the Indiana Court of Appeals dismissed her appeal on February 22, 2019. Dkt. 5-7. On June 18, 2019, the Indiana Supreme Court denied leave to transfer. Dkt. 5-6 at 6.

On June 10, 2020, Ms. Fields filed the currently pending petition for a writ of habeas corpus in this Court, alleging violations of her right to a fast and speedy trial and a variety of claims that, in effect, challenge whether she entered into her plea knowingly, intelligently, and voluntarily. Dkt. 1. The next day, Ms. Fields filed identical petitions in state court under each of her trial court cause numbers. Dkts. 5-1 at 14; 5-1 at 12; 5-9.

On July 21, 2020, the respondent moved to dismiss the instant petition for failure to exhaust state remedies. Dkt. 5. Ms. Fields did not respond to the respondent's motion, but she did file a supplemental petition for habeas corpus, dkt. [9], in which she adds claims that the trial court abused its discretion and she received ineffective assistance of counsel.

## II. Discussion

Before seeking habeas corpus review in federal court, a petitioner must exhaust her available state court remedies. 28 U.S.C. § 2254(b)(1). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present [her] federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whatley v. Zatecky*, 833 F.3d 762, 770–71 (7th Cir. 2016).

Ms. Fields has not exhausted her state court remedies. Ms. Fields called her June 11, 2020, trial court pleadings habeas petitions, but under Indiana law they will be treated as petitions for post-conviction relief. *See Manley v. Butts*, 71 N.E.3d 1153, 1155–56 (Ind. Ct. App. 2017) (explaining that where petition attacks the validity of one's sentence or conviction, it should be

treated as a petition for post-conviction relief); Ind. Post-Conviction Rule 1(1)(c). In Ms. Field's amended petition, she alleges the motions for writ of habeas corpus were denied on October 30, 2020. Dkt. 9 at 3. She did not include the trial court's orders with her pleading, but the chronological case summaries do not reflect that she has initiated, let alone completed, an appeal in either cause.

There is no basis to stay the petition and hold it in abeyance while Ms. Fields exhausts her state remedies. The Supreme Court has held that stay and abeyance in habeas actions should be granted only when the petitioner demonstrates good cause for failing to exhaust arguably meritorious claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Ms. Fields has not shown good cause for failing to exhaust her state court remedies. Accordingly, Ms. Field's petition is **dismissed without prejudice**.

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as failure to exhaust), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016).

Here, no reasonable jurist could disagree that Ms. Fields has failed to exhaust her available state court remedies. Therefore, pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, a certificate of appealability is **denied**.

### IV. Conclusion

The claims Ms. Fields presented in her habeas petition have not been fully exhausted in state court. The respondent's motion to dismiss, dkt. [5], is therefore **GRANTED**, and this action is **DISMISSED without prejudice**. A certificate of appealability is also denied. Judgment consistent with this Order shall now issue.

Ms. Field's motion for discovery, dkt. [6], is **denied as moot.**

**IT IS SO ORDERED.**

Date: 11/20/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KIMBERLY JO FIELDS
534 2nd Street
Columbus, IN 47201

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov